Downey, Judge,
delivered the opinion of the court:
The plaintiff contracted with the Navy Department to carry approximately 60,000 tons of coal from Hampton Roads, Va., to Navy Yard, Puget Sound, Wash., and/or Naval Fuel Depot, San Diego, Calif., and/or Naval Station, Pearl Harbor, T. H. The formal contract followed the issuance of a circular inviting bids, the submission of a bid by plaintiff and its acceptance. The contract was performed and the only question is as to canal tolls at ballast rates on vessels engaged in the performance of the contract on return trips for second or third cargoes. The claim was originally broader but has been reduced to the basis stated.
The contract contained the provision that “ Panama Canal tolls will be assumed by the Navy.” The circular inviting bids and the plaintiff’s bid thereon contained the provision that “ Panama Canal tolls will be assumed by the Navy on the West Coast tonnage.”
The defendant argues that the real contract is to be found in the circular, the bid, and the acceptance, and that these make it clear that the tolls assumed by the Navy were “ on the West Coast tonnage, i. e., upon the tonnage bound for the West Coast,” apparently construing this language as, intended to differentiate between a westbound trip with cargo and a return trip of the vessel eastboúnd.
The argument would be of force if there were not another, and, it seems to us, a better explanation as to why the language of the circular and of the contract were not the same.
This explanation is found in the fact that the circular invited bids first for the transportation of coal not only to *519 Puget Sound and San Diego, on the West Coast, but also to Portsmouth, N. H., and Boston on the East Coast, and there was therefore propriety in providing for canal tolls to refer to them as tolls “ on the West Coast tonnage ” as distinguished from the East Coast tonnage as to which there were •of course no tolls to be assumed. The distinction was evidently as between East and West Coast destinations. The “ alternative proposal ” called for by the circular was the one submitted by the plaintiff and as it involved no East Coast transportation there was no occasion for distinguishing as between East and West Coast tonnage and the contract therefore simply provided that “ Panama Canal tolls will be assumed by the Navy.”
There is another feature of the matter which is of weight in determining the question presented. The contract provided that “ The following vessels have been nominated to transport nine cargoes, approximately 60,000 tons, of coal ” followed by the names of four vessels, with some descriptive features, so that it was plainly contemplated by the contract that four vessels would carry nine cargoes, necessitating the return of vessels, not simply for return to home port, but for a second and even third cargo.
The transportation seems to have been performed in eight trips instead of nine, but in accomplishing the service one vessel carried three cargoes, two vessels carried two each, while the fourth vessel carried but one. There were thus four return trips after second and third cargoes, two by the Orinoco, and one each by the Orleans and Orient.
The tolls upon these vessels for these four trips in ballast amount to $12,179.52, the amount to which the claim is now reduced, and this we think the plaintiff, under a fair interpretation of the contract, is entitled to recover.
Graham, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.